IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RICKEY A. BESHEARS                                                                               PLAINTIFF

vs.                                            Civil No. 6:09-cv-06064

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Rickey A. Beshears ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 5).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff filed his disability application on January 5, 2007. (Tr. 90-99). Plaintiff alleged he was disabled due to legal deafness in both ears, arthritis, heart and stomach problems, and a loss of balance. (Tr. 106). Plaintiff alleged an onset date of December 15, 2006. (Tr. 92). This application was initially denied on April 5, 2007 and was denied again on reconsideration on July 16, 2007. (Tr. 51-52).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

On July 30, 2007, Plaintiff requested an administrative hearing on his application. (Tr. 63). This hearing request was granted, and a hearing on this matter was held on October 27, 2008 in Hot Springs, Arkansas. (Tr. 22-50). Plaintiff was present and was represented by non-attorney counsel, Vicki Bouche, at this hearing. *See id.* Plaintiff, Plaintiff's wife (Martha Beshears), and Vocational Expert ("VE") Mack Welch testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had received his high school diploma. (Tr. 28).

On December 11, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-21). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset of December 15, 2006. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: (1) hypertension, (2) obesity, (3) fibromyalgia, (4) severe hearing loss bilaterally, (5) vertigo, (6) cardiac arrhythmia, (7) gastroesophageal reflux disease, (8) inflammatory joint pain, (9) post status hiatal hernia repair, (10) post status laparoscopic ventral hernia repair, (11) paroxysmal tachycardia with dyspnea, and (12) osteoarthritis of the thoracic spine. (Tr. 12, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-13, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-20). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), and found his claimed limitations were not totally credible.

*See id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that Mr. Beshears has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a), due to a combination of medical problems and the associated symptoms thereof. Specifically, Mr. Beshears can lift no more than 10 pounds at a time with occasional lifting or carrying of objects, like docket files, ledgers, and small tools. He can sit 6 hours of an 8 hour work day, but he must occasionally stand and/or walk no more than 2 hours in an 8 hour work day. Mr. Beshears does not have the ability for any significant stooping, crouching, or bending. He has good use of the hands and fingers for repetitive actions. He has no severe mental impairment.

(Tr. 13-20, Finding 5).

The ALJ then evaluated Plaintiff's PRW. (Tr. 20). The ALJ found Plaintiff's PRW included work as a shoe factory assembly line worker (light, semi-skilled). (Tr. 20, Finding 6). Based upon his RFC, the ALJ found Plaintiff would be unable to perform this PRW. *See id.* However, the ALJ also determined, considering his age, education, past work experience, and RFC, that there were other jobs existing in significant numbers in the national economy which he would be able to perform. (Tr. 21, Finding 10). Specifically, by applying Medical-Vocational Rule 201.21, the ALJ found, given Plaintiff's age, education, and work experience, he was not disabled. (Tr. 21, Finding 10).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 5). *See* 20 C.F.R. § 404.968. On June 17, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On July 28, 2009, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on August 25, 2009. (Doc. No. 5). Both parties have filed appeal briefs. (Doc. Nos. 10-11). This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. Discussion:

Plaintiff raises one argument for reversal in his appeal brief: whether the ALJ properly applied the Grids. (Doc. No. 10, Pages 11-12). Plaintiff argues that he suffers from the nonexertional impairment of hearing loss and that the ALJ should not have applied the Grids in his disability determination. *See id.* In response, Defendant argues that the medical records support the ALJ's RFC determination that Plaintiff can perform the full range of sedentary work. (Doc. No. 11, Pages 4-8). Defendant also argues that the ALJ properly applied the Grids. *See id.* Because this Court finds the ALJ erred by applying the Grids, this Court will only address this issue.

The Medical-Vocational Guidelines or "the Grids" are used to evaluate the claimant's age, education, past work experience, and RFC in order to determine whether that claimant is disabled.

5

The Grids, however, cannot be mechanically applied in all cases. *See Asher v. Bowen,* 837 F.2d 825, 827-28 (8th Cir. 1988).  If a claimant suffers from a significant nonexertional impairment that diminishes that claimant's ability to perform a full range of work (sedentary or otherwise), then the ALJ may not rely upon the Grids. *See Sanders v. Sullivan,* 983 F.2d 822, 823-24 (8th Cir. 1992). Instead, the ALJ must rely upon the testimony of a VE or other similar evidence to determine whether the claimant is disabled. *See id.*  One nonexertional impairment is hearing loss. *See Sanders,* 983 F.2d at 823 (holding that examples of nonexertional limitations include "mental, *sensory*, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions") (citation omitted) (emphasis added).

In the present action, the ALJ noted that Plaintiff suffered from "severe hearing loss bilaterally." (Tr. 12, Finding 3).  On March 12, 2007, Plaintiff's audiologist found he had "a long-standing history of binaural sensorineural hearing loss" and noted that the "results of the hearing evaluation suggest[ed] a severe to moderate, sensorineural hearing loss for each ear." (Tr. 245). Plaintiff's audiologist also found that Plaintiff's hearing loss was not corrected with a hearing aid: "Mr. Beshears currently wears a Unitron ICON AoHP behind-the-ear hearing aid with amplification directed to his left ear with minimal benefit suggested."[2] *See id.*  On February 12, 2008, Plaintiff's physician Dr. Eric C. Monte, M.D. found he suffered from "profound bilateral hearing loss." (Tr. 287).

As noted above, this hearing loss is a nonexertional impairment. *See Sanders,* 983 F.2d at 823.  Also, when taken together, this evidence suggests Plaintiff's hearing loss is significant and

---

[2] Based upon Plaintiff's other medical records, it appears he received a new hearing aid in 2008 for his left ear and was "doing well" with that hearing aid. (Tr. 287).  There is, however, no indication as to how much Plaintiff's hearing improved with this new hearing aid.  Further, this hearing aid was for his left ear, and there is no indication in the record that Plaintiff's hearing loss in his *right* ear could or ever was corrected with a hearing aid.

6

causes him to be unable to perform a full range of sedentary work. Accordingly, due to this nonexertional impairment, the ALJ erred by relying upon the Grids to direct a finding of disability. *See Sanders,* 983 F.2d at 823-24.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of June, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE